UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Patrick D. Crane, #334683, | ) | C/A No. 3:10-2752-RMG-JRM |
|---|---|---|
| Plaintiff, | ) | |
| | ) | REPORT AND RECOMMENDATION |
| vs. | ) | |
| Percy B. Harvin Jr., Official and Unofficial Capacity, | ) | |
| Defendant. | ) | |

The Plaintiff, Patrick D. Crane ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at Evans Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint appears to name a South Carolina magistrate judge as the Defendant. Plaintiff alleges that the Defendant violated his constitutional rights. Plaintiff seeks money damages and injunctive relief. The Complaint should be summarily dismissed.

*Pro Se* Review pursuant to the Prison Litigation Reform Act (PLRA)

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v.*

---
[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

1

*Baskerville*, 712 F.2d 70 (4th Cir. 1983). The Complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, the Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if the Plaintiff had prepaid the full filing fee, this Court is charged with screening the Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* Complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which the Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement

of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Serv.*, 901 F.2d 387 (4th Cir. 1990).

Background

Plaintiff alleges that after he was incarcerated in the Iowa Department of Corrections. On August 28, 2008, Plaintiff was transported to Greenville, South Carolina, pursuant to detainer(s) lodged against him and his agreement to waive extradition to the State of South Carolina. Although Plaintiff does not allege why he is currently incarcerated, it appears that he was convicted in Greenville County of forgery. *See* South Carolina Department of Corrections, http://www.doc.sc.gov/index.jsp (follow "research," then follow "SCDC Inmate Search," then "Search for Incarcerated Inmate," using the SCDC ID number 334683) (last visited Nov. 16, 2010).[2] Plaintiff alleges that a criminal charge is pending against him in the Clarendon County Clerk of Court's Office for Breach of Trust with Fraudulent Intent, and on July 12, 2010, he was transported from Evans Correctional Institution to the Clarendon County Courthouse where he was served with the arrest warrant. Plaintiff's exhibits reveal that the criminal charge against Plaintiff relates to his allegedly receiving $120,000 from January 2002 to February 2002 in consideration of Plaintiff performing a building contract, but Plaintiff allegedly did not begin construction or return the money. Plaintiff alleges that on or about July 15, 2010, he submitted a *pro se* Petition for Preliminary Hearing to the Clerk of Court for General Sessions and Clerk of Court for Magistrate Court. He alleges that pursuant to the South Carolina Rules of Criminal Procedure if a defendant

---

[2] The Court may take judicial notice of factual information located in postings on government websites. *See Williams v. Long*, 585 F.Supp.2d 679, 687-88 (D. Md. 2008) (noting that some courts have found postings on government websites as inherently authentic or self-authenticating).

requests a preliminary hearing the hearing shall be held within ten days. Plaintiff alleges that the Defendant "has failed to cause for plaintiff to be scheduled for a Preliminary Hearing as well has failed to appoint counsel to plaintiff as a[n] indigent defendant." Plaintiff alleges that the Defendant's misconduct violates his constitutional rights. Plaintiff seeks money damages, and he requests a "writ of mandamus ordering the Defendant to schedule a Preliminary Hearing on Plaintiff's criminal charge pending in Clarendon County South Carolina."

Discussion

Defendant Harvin is alleged to be the Chief Magistrate Judge in Clarendon County. Judges have absolute immunity from a claim for damages arising out of their judicial actions unless they acted in the clear absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 351-364 (1978); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987) (a suit against two Virginia magistrates); and *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."). "Whether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity." *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005). "'This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction.'" *Id.* (citation omitted). State and federal judges are also immune to requests for injunctive relief. *See Gilbert v. Ferry*, 298 F.Supp.2d 606, 612 (E.D. Mich. 2003), *aff'd* 401 F.3d 411 (6th Cir. 2005); *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000). *See also* 42 U.S.C. § 1983 (limiting when

4

injunctive relief may be granted against a judicial officer).  Immunity presents a threshold question. *See Harlow v. Fitzgerald*, 475 U.S. 800, 818 (1982).  Absolute immunity is "an immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).  Defendant Harvin's alleged misconduct in failing to hold a preliminary hearing and failing to appoint counsel for Plaintiff is within the scope of normal judicial functions as a magistrate judge (i.e., deciding when and if to hold a hearing and whether to appoint counsel).  The Defendant's alleged misconduct is not alleged to have been taken in the clear absence of all jurisdiction.  Thus, Defendant Harvin should be summarily dismissed based upon judicial immunity.

Additionally, Plaintiff requests this Court to issue a writ of mandamus to compel the Defendant to set a hearing in Plaintiff's criminal case.  A writ of mandamus is issued only in the rarest of circumstances, and it is a drastic remedy.  *In Re: Lockheed Martin Corp.*, 503 F.3d 351 (4th Cir. 2007); *United States v. Sosa*, 364 F.3d 507, 511 (4th Cir. 2004).  In *Sosa*, the Fourth Circuit Court of Appeals explained that when a litigant seeks mandamus relief he must show that, "'he had no other adequate means to attain the relief he desires' and that his right to issuance of the writ is 'clear and indisputable.'" *Id.*  Plaintiff in this case has other adequate means to correct any inappropriate actions or failure to act by the state judge – appellate review in the South Carolina courts.  Further, a motion for writ of mandamus filed in the South Carolina Supreme Court against a judge may be appropriate in very limited circumstances.  *See City of Rock Hill v. Thompson*, 563 S.E.2d 101, 102 (S.C. 2002) (the Supreme Court could direct a judge to rule on a pending motion). However, the United States District Court does not have jurisdiction to grant mandamus relief against state officials or to review state court orders.  *See Gurley v. Superior Court of Mecklenburg Cnty.*, 411 F.2d 586, 587 (4th Cir. 1969); *In re Payne*, 305 Fed.Appx. 65, 66 (4th Cir. 2008).  Thus,

to the extent this action seeks a writ of mandamus against a South Carolina judge, it should be dismissed for failure to state a claim on which relief may be granted.

### Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). **The plaintiff's attention is directed to the important notice on the next page.**

Joseph R. McCrorey
United States Magistrate Judge

November 17, 2010
Columbia, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).